IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| David Johnson, | ) | |
| | ) | C.A. No.: 8:21-cv-00424-TMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | |
| South Carolina Highway Patrol, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant South Carolina Highway Patrol answers the Complaint as follows:

## FOR A FIRST DEFENSE

I.      The Complaint fails to state a claim upon which relief can be granted, and fails to state facts sufficient to constitute a cause of action.

## FOR A SECOND DEFENSE

II.      To the extent Plaintiff failed to satisfy conditions precedent to filing suit, his claims are barred and should be dismissed.

## FOR A THIRD DEFENSE

III.      Plaintiff's claims are barred under the doctrines of laches, estoppel, and waiver.

## FOR A FOURTH DEFENSE

IV.      To the extent Plaintiff failed to exhaust his administrative remedies as to any claims, those claims would be procedurally barred.

## FOR A FIFTH DEFENSE

V.      To the extent Plaintiff failed to allege his claims within the applicable time periods set forth under federal or state law, those claims are time-barred.

**FOR A SIXTH DEFENSE**

VI.    To the extent Plaintiff's allegations exceed the scope of the administrative charge of discrimination, they are barred for failure to exhaust administrative remedies.

**FOR A SEVENTH DEFENSE**

VII.    To the extent Plaintiff seeks relief for alleged discrete acts of discrimination that occurred more than 300 days before he filed his charge of discrimination, his claims are procedurally barred and/or time-barred.

**FOR AN EIGHTH DEFENSE**

VIII.    Plaintiff's claim for monetary relief is limited and/or foreclosed by the doctrine of avoidable damages due to his failure to mitigate.

**FOR A NINTH DEFENSE**

IX.    The actions taken by Defendant were made for legitimate business reasons, in good faith, and without malice or intent to discriminate.  Defendant acted at all times in accordance with all state and federal laws.

**FOR A TENTH DEFENSE**

X.    Defendant exercised reasonable care to prevent and correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**FOR AN ELEVENTH DEFENSE**

XI.    Defendant reasonably attempted to prevent and correct any alleged harassing behavior. Any alleged offensive conduct is not imputable to Defendant.

2

## FOR A TWELFTH DEFENSE

XII.    Any and all adverse employment actions about which Plaintiff is complaining were taken for legitimate, nondiscriminatory, and nonretaliatory reasons.

## FOR A THIRTEENTH DEFENSE

XIII.    Defendant denies any discriminatory motive.  Regardless, Defendant asserts it would have taken the same action absent any impermissible motivating factor.

## FOR A FOURTEENTH DEFENSE

XIV.    To the extent Plaintiff alleges injuries that arose out of and in the course and scope of his employment, any such injuries, if substantiated, would be barred pursuant to the South Carolina Workers' Compensation Act, S.C. Code § 42-1-10 *et seq.*, which Defendant expressly pleads.

## FOR A FIFTEENTH DEFENSE

XV.    Punitive damages are not recoverable in this action.

## FOR A SIXTEENTH DEFENSE

XVI.    Defendant pleads all defenses under the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity.

## FOR A SEVENTEENTH DEFENSE AND BY WAY OF ANSWER

XVII.    A.    Each allegation of the Complaint not hereinafter expressly admitted is denied.

B.    Defendant responds to the allegations of the Complaint by paragraph numbers corresponding to the respective paragraph numbers of the Complaint as follows:

1.    Defendant admits it employed Plaintiff, and that, upon information and belief, Plaintiff is a resident of South Carolina.

2.    Admitted.

3

3.      This is a statement of venue requiring no response.  To the extent a

response is required, Defendant denies that any violation of state or federal

law occurred.

4.      Defendant admits only that Plaintiff is an African-American male

employed by Defendant.

5.      Plaintiff's evaluations are in writing and speak for themselves.  Defendant

denies the remaining allegations in this paragraph and demands strict proof

thereof.

6.      This paragraph does not require a response as it makes no allegation of

fact as to Defendant.  To the extent a response is required, Defendant

denies the allegations in this paragraph and demands strict proof thereof.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

### AS TO THE FIRST CAUSE OF ACTION
**(Race Discrimination Under Title VII)**

14.     Defendant incorporates the prior paragraphs verbatim.

15.     This is a statement of law requiring no response.  To the extent a response

is required, Defendant denies the allegations and demands strict proof thereof.

16.    This is a statement of law requiring no response.  To the extent a response is required, Defendant denies that any violation of state or federal law occurred.

17.    Denied.

18.    Plaintiff's charge of discrimination and the notice of right to sue are in writing and speak for themselves.  Plaintiff's allegations in this paragraph include statements of law requiring no response.  To the extent a response is required, Defendant denies the allegations and demands strict proof thereof, including but not limited to whether Plaintiff timely brought suit.

19.    This is a statement of damages requiring no response.  To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

20.    This is a statement of damages requiring no response.  To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

## AS TO THE SECOND CAUSE OF ACTION
**(Racial Harassment/Hostile Working Conditions)**

21.    Defendant incorporates the prior paragraphs verbatim.

22.    Denied.

23.    Denied.

24.    This is a statement of damages requiring no response.  To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

25.    This is a statement of damages requiring no response.  To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

C.    Defendant denies Plaintiff's prayer for relief contained in the Whereas clause following paragraph 25.

WHEREFORE, having fully answered the Complaint and having set forth various defenses, Defendant requests that this action be dismissed and it be awarded its costs.

Respectfully submitted,

s/ R. Hayne Hodges
R. Hayne Hodges, III (FID # 9663)
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
February 11, 2021                Phone: (803) 799-9311 / Fax:  (803) 254-6951
hhodges@gsblaw.net
Columbia, South Carolina

ATTORNEY FOR DEFENDANT

6