# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Johnson, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>South Carolina Highway Patrol, )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No. 8:21-cv-424-TMC<br><br><br>**ORDER** |

Plaintiff David Johnson filed this employment discrimination action against Defendant South Carolina Highway Patrol, asserting claims of race discrimination and racially hostile working conditions in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1-1). Plaintiff originally filed his action in South Carolina state court, and Defendant removed it to federal court. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Subsequently, Defendant filed a motion for summary judgment. (ECF No. 24). Plaintiff filed a response in opposition (ECF No. 28) and Defendant filed a reply (ECF No. 30).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendant's motion for summary judgment. (ECF No. 32). Plaintiff, who is represented by counsel, did not file objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

Having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 32), and incorporates it herein. Accordingly, Defendant's motion for summary judgment (ECF No. 24) is **GRANTED.**

    **IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

September 28, 2022
Anderson, South Carolina